IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G. & S. MANAGEMENT CORPORATION /DBA/ AUTOSERV OF TILTON, on behalf of itself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CARS.COM, LLC<br><br>Defendant. | CASE NO. 17-cv-08708<br><br>JUDGE VIRGINIA KENDALL<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT** |

Now comes Plaintiff G. & S. Management Corporation /dba/ AutoServ of Tilton ("AutoServ" or "Plaintiff"), individually and on behalf of the other class members, and for its Second Amended Complaint against Defendant Cars.com, LLC ("Defendant" or "Cars.com") states as follows:

**INTRODUCTION**

1. This is an action for damages brought by Plaintiff, individually and on behalf of the other class members, alleging that Defendant violated the Illinois Consumer Fraud and Business Practice Act, 815 ILCS 505.1, *et seq.* ("the Consumer Fraud Act"), and other common law torts. Plaintiff, individually and on behalf of the other class members, also alleges claims related to a written contract between the parties and support services regarding same. Plaintiff, individually and on behalf of the other class members seeks an amount to be determined at trial, but in excess of $1,000,000 in actual damages.

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 28 U.S.C. § 1332, and supplemental jurisdiction for the state law claims is afforded under 28 USC § 1367. Venue in this district is proper because the Defendant transacts business here and the contract and contacts between the parties establishes the forum and the venue in Chicago, Illinois.

## THE PARTIES

3. Plaintiff is a corporation having a principal office at 40 E. Main St, Tilton, New Hampshire 03276. At all material times hereto, Plaintiff was a "person" as that term is defined under 815 ILCS 505/1(c). Plaintiff is a franchised automobile dealer operating in and around Tilton, New Hampshire. The other class members are franchised automobile dealers operating throughout the United States of America.

4. Plaintiff and the other class members utilize the services of Cars.com to help select, price and sell vehicle stock based on marketplace supply-and-demand analytics.

5. Defendant Cars.com is a limited liability company organized under the laws of the State of Delaware. Defendant's headquarters is in Chicago, Illinois and it maintains a principal place of business at 300 S. Riverside Plaza, Ste. 1000, Chicago, Illinois 60606.

## FACTUAL ALLEGATIONS

6. Cars.com owns and operates an online advertising service that charges motor vehicle dealers for the right to list individual vehicles for sale on its website under the domain name "www.cars.com."

7. Prospective vehicle purchasers or consumers (collectively, "Consumers") are permitted free access to the website.

8. Consumers specify certain parameters by which the website's software conducts a search of the database of vehicles listed for sale.

9. The search parameters that Consumers may choose include, but are not limited to, the year, make, model and trim of the vehicle sought, as well as the geographic location of the dealers and/or sellers of such vehicles.

10. The website's software then returns search results to Consumers in the form of a list showing all vehicles for sale within its database that meet the Consumers' search parameters.

11. Cars.com utilizes a certain metric to keep track of the number of times a particular dealer's vehicles are included in Consumers' search results.

12. Each time a dealer's vehicle appears in a Consumer's search results as a "Search Results Page" ("SRP") is generated.

13. Cars.com emphasizes the SRP metric as the key indicator of the value that dealers receive for purchasing Cars.com's services.

14. Cars.com also utilizes a performance metric known as "Vehicle Detail Pages" ("VDP").

15. "VDP" is the number of times Consumers actually "click" on a particular vehicle that appears in vehicle search results in order to view all of the details of the vehicle, including options, pricing, terms, photographs, etc. This metric is analogous to the "click through" rate.

16. The VDP metric is a subset of a dealer's SRP, because not every vehicle that appears in a Consumer's search results will be "clicked" by the Consumer.

17. These two metrics enable Plaintiff and other class members to buy the proper inventory, properly advertise, communicate with old and new customers and place a monetary

value on its listed inventory with higher SRP models and higher VDP vehicles carrying higher prices.

18. Plaintiff and other class members engaged Cars.com for its services based on Cars.com's representations that its SRP and VDP metrics were accurate and easily accessible. Plaintiff and other class members utilized SRP and VDP metrics to price their vehicles, determine both inventory levels and make stocking decisions.

19. Cars.com through its advertising and promotional activities, targets automobile dealers in a number of ways, including personal sales calls by sales representatives, providing printed advertising and marketing materials, e-mailing advertising and marketing materials, and by other means.

20. In particular, Cars.com's marketing and advertising communications emphasize, as their main selling point to dealers, a number of statistical metrics, including SRP and VDP data, that are designed to convey the purported efficacy and benefits of the online advertising that Cars.com offers.

21. The statistics that Cars.com used to induce Plaintiff and other class members to purchase its online advertising services were in fact inaccurate and misleading.

22. Plaintiff and other class members relied on these representations, and based on the representations, entered into contractual relationships with Cars.com believing it would receive accurate and reliable information from Cars.com.

23. As a portion of the services received from Cars.com, Plaintiff and other class members were given access to a computerized display or a "dashboard" which allowed them to view the status of the vehicles they are placing for sale on the Cars.com website.

24. This "dashboard" also allowed Plaintiff and other class members to view the two primary metrics used to evaluate the efficacy of Cars.com's electronic marketing, i.e., SRP's and VDP's. Cars.com intended for Plaintiff and the other class members to rely on the SRP and VDP data captured and compiled by Cars.com and communicated to Plaintiff and other class members via the "dashboard."

25. Upon information and belief, Cars.com locked its customers out from accessing traffic reports from the Cars.com "dashboard" and prevented Plaintiff and other class members from accessing their SRP and VDP data. In order to prevent its customers from accessing their SRP and VDP data, Cars.com removed the SRP and VDP metrics from the "dashboard."

26. On or around September 2017, Cars.com published an electronic notice through its computerized services stating that the SRP / VDP data previously supplied by Cars.com had been affected by "BOT traffic." A true and correct copy of this notice is attached hereto as **Exhibit A**.



27. If true, this BOT activity would have created invalid clicks, or fake click-through traffic, and artificially inflated the SRP and VDP data being given to Cars.com's dealer customers.

28. Cars.com never advised its customer dealers that it had identified the source of the alleged BOT activity.

29. Cars.com never advised its customer dealers that it had investigated the alleged "BOT traffic" or offered any other explanation to its customer dealers. Cars.com also did not offer any refunds or credits to its customer dealers as a result of the alleged BOT traffic.

30. Despite Cars.com's notice (Ex. A) warning its customers of BOT traffic resulting in inaccurate data, there is no evidence of any actual BOT traffic affecting Cars.com's customers in or around August 2017.

31. Upon information and belief, Cars.com displayed the notice warning, not because of BOT traffic, but to warn its customers of the possible dissemination of inaccurate data in August 2017.

32. Upon information and belief, Cars.com displayed the notice warning of BOT traffic to conceal the fact that it was disseminating inaccurate data to its customers, but did not know why.

33. From a period of at least three months, August 2017 through October 2017, Cars.com could not determine the accuracy of the statistical information, metrics and other data they were providing to customers.

34. From at least August 2017 to October 2017, employees of Cars.com and vAuto attempted to determine why Cars.com was disseminating inaccurate information to its customers.

35. Sometime in October 2017 employees of Cars.com and vAuto determined that the cause of the inaccurate data was how and when data files were being shared between Cars.com and vAuto, and not an issue with BOT traffic.

36. Cars.com purposefully, and in violation of Illinois law, did not communicate to any outside parties the fact it was disseminating inaccurate data.

37. For an unknown period of time, Cars.com knew or should have known it was disseminating inaccurate data to its customers, did not know why it was disseminating inaccurate data to its customers and concealed the fact that it was disseminating inaccurate data to its customers.

38. Despite not knowing the cause of the inaccurate data, Cars.com created talking points to respond to customer inquiries about BOT traffic and whether Cars.com would issue refunds or credits. Cars.com specifically stated that no refunds or credits would be provided to a client for the false and misleading information it provided.

39. Despite its knowledge that it was reporting inaccurate data to customers, Cars.com never took any action to right its wrongs. Instead, Cars.com purposefully concealed the fact that it was disseminating inaccurate data to customers

## AUTOSERV ALLEGATIONS

40. In 2011, Plaintiff met with one of Cars.com's sales representative, Derrick LaChance, at one of Plaintiff's dealerships.

41. During this meeting, Mr. LaChance represented to the Plaintiff that Cars.com had built the "best mousetrap" which would enable the dealership to market its vehicles over the Internet in a cost-effective manner.

42. Mr. LaChance represented to Plaintiff that the success of its electronic marketing services would be measured through two (2) primary metrics: (1) the number of times one of the Plaintiff's vehicles was viewed by a Consumer on a SRP; and (2) the number of times one of the Plaintiff's vehicles was viewed by a Consumer on a VDP.

43. Mr. LaChance represented to the Plaintiff that the use of the Cars.com's services would enable the Plaintiff to maximize exposure and gain the most VDPs and SRPs possible.

44. Mr. LaChance further represented that the VDP and SRP data would be based on actual user data captured by Cars.com and that this actual user data would be accurately reported to the Plaintiff.

45. Cars.com provided substantial marketing information, statistical information, sales data and metrics to Plaintiff, which Plaintiff relied on since said information was instrumental regarding the VDP and SRP data that Plaintiff would be reviewing and relying on.

46. Plaintiff relied on these representations, and based on the representations, entered into a contractual relationship with Cars.com believing it had accurate and reliable information from Cars.com.

47. On or about May 30, 2012, the Plaintiff executed a standard form agreement (the "Standard Form Agreement") with Cars.com in reliance that Cars.com provided accurate and verifiable information.

48. This Standard Form Agreement required Cars.com to provide certain computerized services, marketing information, statistical information, metrics and other data to Plaintiff.

49. Plaintiff engaged Cars.com for its services based on Cars.com's representations that its SRP and VDP metrics were accurate and easily accessible to Plaintiff and because Plaintiff

priced its vehicles using the velocity pricing method, which derives the price of a product or service off of the velocity of its stock turn.

50. Over the course of the next five years, Plaintiff's contract with Cars.com was continuously renewed.

51. At the time of the original contract, and on each of its renewal dates, sales representatives of Cars.com (i.e., Derek LaChance and Bob Nagri) made material representations to the Plaintiff concerning the accuracy, quality and quantity of SRP's and VDP's captured by the Cars.com website.

52. Cars.com's representations convinced Plaintiff to execute the Standard Form Agreement and subsequent amendments.

53. Plaintiff routinely relied on and utilized the SRP and VDP data provided to it by Cars.com to assist in making price determinations.

54. Over the same course of time, the Plaintiff paid Cars.com approximately $377,000.00, and the monthly subscription fees increased from approximately $2,380.00 to $8,230.00.

55. Plaintiff accepted these increased fees based on its belief that it was obtaining actual and accurate SRP and VDP information from Cars.com. Plaintiff relied on the SRP and VDP data provided by Cars.com to purchase, price, and ultimately sell, its vehicles.

56. In August of 2017, the Plaintiff was preparing to meet with one of the Cars.com's employees, Bob Nagri, to discuss the charges Cars.com was attempting to levy against the Plaintiff.

57. Prior to this meeting, Plaintiff reviewed the SRP and VDP data available through the "dashboard" of the Cars.com website.

58. Plaintiff then compared that data to the SRP and VDP data available from vAuto, Inc., a software and technology company that helps dealers manage their vehicle inventory and increase sales.

59. Upon information and belief, vAuto and Cars.com share data with each other.

60. After comparing the data, the Plaintiff discovered a marked discrepancy between the data published by Cars.com and the data available from vAuto. Because Cars.com and vAuto were supposedly analyzing the same facts and figures, the published data should have been almost identical.

61. For example, on or about August 29, 2017, Defendant Cars.com reported SRP = 713,588 and VDP = 14,097. In comparison, vAuto reported SRP = 558,166 and VDP = 7,396.

62. This discrepancy was especially alarming because the data obtained from vAuto was allegedly provided directly to vAuto by Cars.com.

63. On August 24, 2017, Plaintiff met with the Defendant Cars.com employees, Mr. Nagri and Christine Bishop.

64. Upon information and belief, Cars.com's purpose in attending this meeting was to attempt to justify certain proposed price increases.

65. Mr. Nagri began the meeting by reviewing the SRP / VDP data compiled by the Cars.com.

66. Plaintiff informed Mr. Nagri of the large discrepancy between data Cars.com was reporting and the data provided by vAuto, and Plaintiff intimated that it believed BOT traffic may be responsible for the inaccurate data Cars.com was disseminating.

67. Thereafter, Mr. Nagri was directly asked to explain this discrepancy.

68. Mr. Nagri could not explain this discrepancy.

69. Shortly after this meeting, Cars.com locked Plaintiff out from accessing traffic reports from the Cars.com "dashboard" and prevented Plaintiff from gathering additional data to substantiate its claims. In order to prevent its customers from accessing their SRP and VDP data, Cars.com removed the SRP / VDP metrics from the "dashboard."

70. Despite repeated demands, Cars.com failed to satisfactorily explain the known SRP and VDP discrepancies.

71. Shortly after the Plaintiff met with the Cars.com employees, Cars.com, in an apparent attempt to cover up its dissemination of blatantly inaccurate SRP and VDP data, published the notice (Ex. A) on its website warning it dealer customers of alleged BOT activity.

72. Plaintiff relied on the continuing emails provided to them by Cars.com from August 1, 2017 through the end of October 2017 indicating that the statistical information provided was accurate and that the discrepancies identified by Plaintiff was a "one-off" reporting error

73. On September 13, 2017, Plaintiff sent formal notice of its claim to Cars.com.

74. On October 6, 2017, Cars.com responded to the Plaintiff's claims by denying all liability.

75. Upon information and belief, and after reviewing the Cars.com's denials, Cars.com either intentionally and/or negligently misrepresented the accuracy, quality and quantity of the SRP and VDP information provided to the Plaintiff and bears legal responsibility for those intentional and/or negligent misrepresentations.

## **CLASS ACTION ALLEGATIONS**

76. Plaintiff restates and realleges all the foregoing paragraphs as if fully rewritten at length herein.

77. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and other class members, made up of Cars.com customers similarly situated, as defined as follows:

> All customers who, within two (2) years of the date of filing the initial complaint (December 6, 2017), contracted the services of Cars.com and received inaccurate statistical information, marketing information, metrics and data provided by Cars.com.

78. The exact number of class members is unknown but can be determined from records maintained by Cars.com. In many instances, such entities are unaware that these claims exist on their behalf. To the extent class members are aware of their claims, their damages are in such amounts that, when taken individually, may not justify the expense of separate lawsuits. However, if their damages are aggregated, the amount at issue makes litigation financially feasible.

79. The Class is so numerous that joined of all class members is impracticable. Plaintiff does not yet know the precise number of customers who comprise the Class, but believes and therefore avers that the number well exceeds 100. The number of class members as their identities are ascertainable from records maintained by Cars.com.

80. Common questions of law and fact affect the rights of each member of the Plaintiff class, and common relief by way of damages, injunction and declaratory relief are sought for the Plaintiff Class.

81. Among the predominating questions of law and fact include whether Cars.com provided Plaintiff and other class members inaccurate data; whether Cars.com concealed that it provided Plaintiff and other class members inaccurate data; whether Cars.com violated the Illinois Consumer Fraud and Deceptive Practices Act; and whether Plaintiff and other class members are entitled to compensatory damages.

82. Plaintiff's claims are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Cars.com, and are based on the same legal theories, as the claims of other class members.

83. Plaintiff will fairly adequate protect the interests of the Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interest of other class members. Plaintiff's counsel has broad experience in handling class action litigation and are fully qualified to prosecute the claims of the proposed Class in this case.

84. A class action is superior to other available methods for their fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class action.

## COUNT 1
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT (Deceptive Act)

85. Plaintiff, individually and on behalf of the other class members, restates and realleges all the foregoing paragraphs as if fully rewritten at length herein.

86. Plaintiff and other class members qualify as a "person" as defined under the Illinois Consumer Fraud and Deceptive Practices Act (the "Act").

87. The Act makes it unlawful for a defendant to employ any deception, fraud, false pretense or false promise.

88. The Act also makes it unlawful for a defendant to conceal, suppress or omit a material fact with the intent that others rely on the concealment, suppression or concealment of such material fact.

89. The facts supporting this case show that Cars.com perpetrated a deceptive act or practice which occurred in the course of its trade.

90. The specific practice which Cars.com engaged in was concealing the fact they it was providing false and/or inaccurate SRP and VDP and other statistical information metrics and data to Plaintiff and other class members upon which they were intended to rely.

91. Plaintiff and other class members relied on the false and/or inaccurate data, causing them to continuously renew Cars.com's services, make numerous pricing errors, delayed or prevented the sale of certain inventory and increased floor plan expenses.

92. Plaintiff and other class members relied on representations made by Cars.com that it would enable Plaintiff and other class members to maximize their online exposure and gain the most VDPs and SRPs, and that the VDP and SRP data would be based upon actual user data and would be accurately reported.

93. Plaintiff and other class members relied on Cars.com's inaccurate VDP and SRP data reporting.

94. Plaintiff and other class members suffered actual damages as the result ot Cars.com's acts and/or omissions.

95. Plaintiff and other class members were injured by Cars.com's reporting of inaccurate data and its subsequent concealment of the false reporting. Damages arose directly from the false and inaccurate SRP / VDP and other statistical information, metrics and data received from Cars.com and subsequent concealment.

96. Under the Act, the Plaintiff and other class members may recover both compensatory and punitive damages.

97. In this case, Plaintiff and the other class members demand recovery of their actual damages in the amount to be determined at trial but in excess of $1,000,000.00, and punitive damages.

98. In addition to permitting the recovery of actual and punitive damages, the Act also authorizes the recovery of reasonable attorney's fees.

## COUNT 2
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT (Unfair Practice)

99. Plaintiff, individually and on behalf of the other class members, restates and realleges all the foregoing paragraphs as if fully rewritten at length herein.

100. The Act makes it unlawful for a defendant to employ any unfair practices.

101. The facts supporting this case show that Cars.com conducted unfair practices in the course of its trade.

102. The specific unfair practice which Cars.com engaged in was providing false and/or inaccurate SRP and VDP, statistical information, metrics and data, upon which Plaintiff and other class members were intended to rely.

103. Plaintiff and the other class members relied on the false and/or inaccurate data, causing them to continuously renew Cars.com's services, make numerous pricing errors, purchasing the unneeded and unnecessary inventory and delayed or prevented the sale of certain inventory and increased floor plan expenses.

104. Plaintiff and the other class members suffered actual damages as the result of Cars.com's acts and/or omissions.

105. Damages arose directly from the false and inaccurate SRP and VDP, statistical information metrics and data received from Cars.com.

106. Under the Act, the Plaintiff and the other class members may recover both compensatory and punitive damages.

107. In this case, the Plaintiff and the other class members demand recovery of their actual damages in the amount to be determined at trial but in excess of $1,000,000.00, and punitive damages.

108. In addition to permitting the recovery of actual and punitive damages, the Act also authorizes the recovery of reasonable attorney's fees.

## COUNT 3
## NEGLIGENT MISREPRESENTATION

109. Plaintiff restates and realleges all the foregoing paragraphs as if fully rewritten at length herein.

110. Cars.com repeatedly made false statements of material fact concerning that accuracy of the SRP and VDP, statistical information, metrics and data provided to the Plaintiff.

111. Cars.com represented that the SRP and VDP, statistical information, metrics and data would be based on actual user data captured by Cars.com and that this actual user data would be accurately reported to the Plaintiff.

112. At the time Cars.com made these statements and/or provided this information, it was under a duty to speak truthfully.

113. In at least 2017, and upon information and belief at other times during the relevant period, Cars.com reported false and/or inaccurate VDP and SRP, statistical information metrics and data to Plaintiff.

114. Cars.com's statements were made carelessly and/or Cars.com was negligent in ascertaining the truth of its statements.

115. In August 2017, Cars.com conceded its misrepresentations when it published an electronic notice announcing that BOT traffic had artificially increased VDP and SRP, statistical information, metrics and data that it had reported to its customers, including Plaintiff.

116. Further, email communications between Cars.com and vAuto further acknowledges the dissemination of inaccurate data to Cars.com's customers.

117. Cars.com's statements were made with the intent to induce the Plaintiff to enter into and remain contractually bound to the Defendant.

118. Plaintiff relied on the purported truth of Cars.com's statements to its detriment.

119. Cars.com's false statements damaged the Plaintiff as set forth herein.

## COUNT 4
## BREACH OF CONTRACT

120. Plaintiff, individually and on behalf of the other class members, restates and realleges all the foregoing paragraphs as if fully rewritten at length herein.

121. At all relevant times herein, Plaintiff and the other class members entered into a valid and enforceable contractual relationship with Cars.com under which Plaintiff and the other class members paid Cars.com to use certain computerized services, marketing information, statistical information, metrics, and other data

122. All contracts for services entered into between Cars.com Plaintiff and the other class members are valid and enforceable.

123. At all relevant times herein, Cars.com owed a covenant of good faith and fair dealing.

124. Cars.com breached its contracts with Plaintiff and the other class members by providing inaccurate SRP / VDP, statistical information, metrics and data.

125. Cars.com breached its covenant of good faith and fair dealing by modifying its website and/or "dashboard" to restrict Plaintiff's and the other class members' access to previously accessible information.

126. Plaintiff and the other class members fully performed their obligations under the contract.

127. Plaintiff and the other class members sustained damages resulting from Cars.com's contract breaches.

## COUNT 5
## UNJUST ENRICHMENT

128. Plaintiff restates and realleges all the foregoing paragraphs as if fully rewritten at length herein.

129. Plaintiff brings this unjust enrichment claim in the alternative.

130. The increased fees charged by Cars.com resulting from the reporting of inaccurate SRP and VDP, statistical information, metrics and data are a benefit unjustly retained by Cars.com to the Plaintiff's detriment.

131. Cars.com has been unjustly enriched by keeping for itself all fees that were spent on invalid traffic instead of refunding those amounts back to Plaintiff.

132. Plaintiff sustained damages resulting from Defendant's unjust enrichment.

133. Defendant's retention of the increased fees violates fundamental principles of justice, equity, and good conscience.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and the Classes;

B. Enter judgment against Defendant and in favor of Plaintiff and other class members;

C. Award damages to Plaintiff and other class members as requested and appropriate;

D. Award punitive damages to Plaintiff;

E. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Matthew C. Miller
**ROBERT A. POKLAR** (admitted *pro hac vice*)
*RPoklar@westonhurd.com*
**MATTHEW C. MILLER** (admitted *pro hac vice*)
*MMiller@westonhurd.com*
**DANIEL A. RICHARDS** (admitted *pro hac vice*)
*DRichards@westonhurd.com*
**Weston Hurd LLP**
1301 East 9th Street, Suite 1900
Cleveland, OH 44114-1862
(216) 241-6602 / (216) 621-8369 (fax)

**MATTHEW C. WASSERMAN (6287638)**
*mcwasserman@gct.law*
**Golan Christie Taglia LLP**
70 West Madison Street, Suite 1500
Chicago, IL 60602
(312) 263-2300

*Counsel for Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of October, 2018, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and as required by the Court. Parties may access this filing through the Court's system.

*/s/ Matthew C. Miller*
**MATTHEW C. MILLER** (admitted *pro hac vice*)