**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| G. & S. MANAGEMENT CORPORATION d/b/a AUTOSERV OF TILTON, | ) ) | |
| | ) | |
| Plaintiff, | ) ) | Case No. 17-cv-08708 |
| v. | ) ) | Judge Virginia M. Kendall |
| CARS.COM, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
<u>MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Plaintiff G. & S. Management Corporation d/b/a AutoServ of Tilton ("Plaintiff") sought, and was granted, leave to file a Second Amended Complaint ("Complaint") that includes five causes of action and also purports to transform a single plaintiff case into a broad-ranging nationwide class action against Defendant Cars.com, LLC ("Cars.com"). For the reasons that follow, Plaintiff's Complaint fails to adequately state any viable claim and it should be dismissed in its entirety.

## <u>INTRODUCTION</u>

Cars.com is a Chicago-based digital automotive marketplace that provides an online platform which hosts its customers' advertisements of vehicles available for sale. Plaintiff is a New Hampshire-based franchised automobile dealer and utilized Cars.com to advertise its vehicles over the internet. From May 30, 2012 through December 2017, pursuant to the parties' contracts, Cars.com advertised Plaintiff's available vehicles on its website so that consumers looking to buy a car could purchase them directly from Plaintiff.

Plaintiff's Complaint challenges only the August 2017 display of two metrics that Cars.com provided Plaintiff in connection with advertising its vehicles on the Cars.com website.

These two metrics were: (1) the number of times a vehicle is seen by a consumer on a search results page ("SRP"); and (2) the number of times a vehicle is seen by a consumer on a vehicle detail page ("VDP").[1]  Cars.com was not required to provide these metrics pursuant to the parties' contract; in fact, that contract specifically disclaimed Cars.com's liability for "any technical malfunction, computer or data error."

The Complaint alleges that Cars.com induced Plaintiff and a proposed class of "franchised automobile dealers operating throughout the United States of America" to enter into contracts based on some supposed (but non-plead) oral "representations" that Cars.com made to them about the SRP and VDP metrics.  Plaintiff does not allege exactly what these representations to the putative class were, but instead only asserts that in August 2017, Plaintiff discovered some type of "discrepancy" between SRP and VDP metrics available through the Cars.com website and the same metrics available through another company's website.  Finally, Plaintiff alleges, upon information and belief, that Cars.com attempted to cover up its dissemination of allegedly inaccurate SRP and VDP data.  Ironically, as evidence of this alleged cover-up, Plaintiff points to a disclosure posted by Cars.com on its website in September 2017, which warned all customers that unauthorized "BOT traffic" had impacted the SRP and VDP data made available by Cars.com.[2]  Plaintiff does not ever articulate how the alleged August 2017 data discrepancy it allegedly observed would possibly have damaged Plaintiff.

Based on these sparse allegations, Plaintiff seeks to hold Cars.com liable for violations of

---

[1] VDP is a subset of SRP; it is the number of times a consumer actually "clicks" on a particular vehicle appearing on a SRP.  (Second Amended Complaint "SAC" ¶¶ 11-16.)

[2] Although not explained in Plaintiff's Complaint, a "BOT" is a software application from an outside website that runs automatic scripts that fetch, analyze and file information gathered from a website or server. Because BOTs evolve very quickly, they can sometimes outpace the security measures designed to catch them and impact the SRP and VDP data as a result.

the Illinois Consumer Fraud Act ("ICFA") (Counts 1 and 2), negligent misrepresentation (Count 3), breach of contract (Count 4), and unjust enrichment (Count 5). Each claim should be dismissed. For the ICFA claims, the Complaint is devoid of any requisite specifics of an alleged consumer fraud and thus falls far short of meeting the applicable heightened pleading standard. Plaintiff's breach of contract claim also fails because Plaintiff fails to allege any specific breach of the parties' contract and in fact, the claim is specifically barred by the contract. Furthermore, Plaintiff's negligent misrepresentation and unjust enrichment claims fail because Plaintiff has not adequately plead the elements of either claim. Accordingly, Plaintiff's entire Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6).

Although far from a model of clarity, the Complaint appears to bring the ICFA and breach of contract claims (Counts 1, 2, and 4) on behalf of both Plaintiff and the putative nationwide class. (SAC ¶¶ 1, 85-108; 120-127.)[3] To the extent that these claims survive Cars.com's motion to dismiss, as described more fully in Defendant's Motion to Strike Class Allegations, the class allegations should be stricken because it is apparent from the face of the Complaint that Plaintiff has not and cannot plead that common issues will predominate or that a class action would be a fair or efficient way to adjudicate this case.

## BACKGROUND

### A.    The Parties

Headquartered in Chicago, Cars.com is a digital automotive marketplace that provides an online platform for hosting its customers' advertisements. (SAC ¶¶ 5-6.) Plaintiff is a franchised automobile dealer operating in and around New Hampshire. (*Id*. ¶ 3.) Plaintiff purports to bring

---

[3] The Complaint appears to bring Counts 3 and 5 on behalf of Plaintiff *only*. (SAC ¶¶ 109-119; 128-133.) To the extent Plaintiff claims that Counts 3 and 5 are pled on behalf of a putative nationwide class, Cars.com respectfully reserves the right to address this unsupported assertion.

the claims in the Complaint on its own behalf and on behalf of a putative class of "franchised automobile dealers operating throughout the United States of America." (*Id.*) Specifically, Plaintiff defines the putative class as follows:

> All customers who, within two (2) years of the date of filing the initial complaint (December 6, 2017), contracted the services of Cars.com and received inaccurate statistical information, marketing information, metrics and data provided by Cars.com.

(*Id.* ¶ 77.)

## B.    Contractual Relationship Between Plaintiff and Cars.com

The Complaint does not describe, with specificity, the various advertising contracts that formed the basis of the relationship between Plaintiff and Cars.com. Plaintiff makes only the following allegations:

> On or about May 30, 2012, the Plaintiff executed a standard form agreement (the "Standard Form Agreement") with Cars.com in reliance that Cars.com provided accurate and verifiable information.
>
> This Standard Form Agreement required Cars.com to provide certain computerized services, marketing information, statistical information, metrics and other data to Plaintiff.
>
> Cars.com's representations convinced Plaintiff to execute the Standard Form Agreement and subsequent amendments.

(SAC ¶¶ 47, 48, 52.) The referenced contract executed on or about May 30, 2012 is attached hereto as **Exhibit 1**.[4] This contract, as well as the various other contracts governing the parties' relationship, says nothing about the provision of SRP or VDP data and specifically ***disclaims*** the liability sought by Plaintiff in this case. While the Complaint provides no information regarding

---

[4] In addition to the allegations set forth in the Complaint itself, in connection with a motion to dismiss, courts may consider, *inter alia*, "documents that are central to the complaint and are referred to in it[.]" *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citations omitted); *see also Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (explaining that "the concern is that, were it not for the exception, the plaintiff could evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit. . . . The cases therefore allow the defendant to submit the document to the court, and the court to consider it, without need for conversion to Rule 56.") (citations omitted).

any specific terms of any subsequent contracts, it alleges that "[o]ver the course of the next five years, Plaintiff's [May 30, 2012] contract with Cars.com was continuously renewed." (*Id.* ¶ 50.)

### C.  Alleged Data Discrepancy in August 2017

In August 2017, Plaintiff allegedly identified a "discrepancy" between the SRP and VDP data available through the Cars.com website "dashboard" and the data available through another technology vendor, vAuto, Inc. ("vAuto").  (SAC ¶¶ 56-58, 60.)[5]  Based on this alleged discrepancy – and Plaintiff's opinion that Cars.com has not "satisfactorily" explained the discrepancy – Plaintiff apparently concluded that Cars.com "either intentionally and/or negligently misrepresented the accuracy, quality and quantity of the SRP and VDP information provided to the Plaintiff[.]"  (*Id.* ¶¶ 70, 75.)  Plaintiff further alleges that, "in an apparent attempt to cover up its dissemination of blatantly inaccurate SRP and VDP data, [Cars.com] published the notice (Ex. A) on its website warning it[s] dealer customers of alleged BOT activity."  (*Id.* ¶ 71.)

## LEGAL STANDARDS

Rule 12(b)(6) permits motions to dismiss a complaint for "failure to state a claim upon which relief can be granted. . ."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, Plaintiff must allege facts that, if accepted as true, are sufficient to state "a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  That standard is met only by factual allegations that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice.

---

[5] Cars.com and vAuto have an established business relationship; Cars.com shares its SRP and VDP data directly with vAuto.  (*Id.* ¶ 59.)

*Id.* at 678 (citation omitted).

In this case, Plaintiff must meet an even higher pleading standard because Plaintiff asserts ICFA claims. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (explaining that the sufficiency of a claim alleging fraud under ICFA is analyzed under the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In the Seventh Circuit, to plead with particularity generally means that a plaintiff must plead "the who, what, when, where, and how of the fraud." *See, e.g., Camasta*, 761 F.3d at 737 (citation omitted).

## ARGUMENT

### I. PLAINTIFF'S ICFA CLAIMS (COUNTS 1 AND 2) SHOULD BE DISMISSED WITH PREJUDICE.

#### A. Plaintiff Cannot Allege a Cause of Action Under ICFA.

Counts 1 and 2 of the Complaint allege that Cars.com violated ICFA, 815 ILCS 505/1, *et seq.* (SAC ¶¶ 1, 85-108.) ICFA, however, does not have extraterritorial effect and applies to non-residents only when the circumstances of the disputed transaction occurred "primarily and substantially" in Illinois. *See Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 185-87 (Ill. 2005) (concluding that "the General Assembly [of Illinois] did not intend the Consumer Fraud Act to apply to fraudulent transactions which take place outside Illinois"). Plaintiff and the putative class here are precluded from seeking relief under ICFA because the disputed transactions with Cars.com did not occur "primarily and substantially" in Illinois.

To determine whether a transaction has occurred "primarily and substantially" in Illinois, the Illinois Supreme Court has considered:

> (1) the claimant's residence; (2) the defendant's place of business; (3) the location of the relevant item that is the subject of the disputed transaction; (4) the location

of the claimant's contacts with the defendant; (5) where the contracts at issue were executed; (6) the contract's choice of law provisions, if there are any; (7) where the allegedly deceptive statements were made; (8) where payments for services were to be sent; and (9) where complaints about the goods or services were to be directed.

*See Haught v. Motorola Mobility, Inc.*, No. 12 C 2515, 2012 WL 3643831, *3 (N.D. Ill. Aug. 23, 2012) (J. Kendall) (citations omitted). *Haught v. Motorola Mobility, Inc.*, is on point. That case involved allegations by an Ohio resident, on behalf of a putative class, who purchased a phone manufactured by defendant Motorola from a third party outside of Illinois. *Haught*, 2012 WL 3643831, *1. Although plaintiff alleged that Motorola is headquartered in Illinois, its misrepresentations emanated from servers located in Illinois, and that the terms of service agreement with Motorola included an Illinois choice-of-law provision, plaintiff made no allegations that he viewed those representations within the state of Illinois. *Id*. at *4-5. As a result, this Court determined that ICFA did not apply to the nonresident plaintiff's claims because both the transaction at issue and the alleged injury occurred outside of Illinois. *Id*. at *5.[6]

Like the *Haught* plaintiff, Plaintiff's out-of-state, New Hampshire residence, and the nationwide class's residence "throughout the United States of America" weighs against the applicability of ICFA. (SAC ¶ 3; *see also Avery,* 835 N.E.2d at 189-90 (emphasizing plaintiff's out-of-state residence and the tenuous connection between the disputed transactions and Illinois to conclude that plaintiff and the putative class could not seek relief under ICFA); *see also Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 396-97 (7th Cir. 2009) (same).) Furthermore, the Complaint alleges that Plaintiff met, and had discussions with, Cars.com's sales representatives at Plaintiff's dealerships (*i.e*., in New Hampshire). (SAC ¶¶ 40-52.) Plaintiff's Complaint makes no allegations

---

[6] *See also Van Tassell v. United Mktg. Grp., LLC*, 795 F. Supp. 2d 770, 781-82 (N.D. Ill. 2011) (concluding that "the circumstances that relate to the disputed transaction did not occur 'primarily and substantially' in Illinois" because none of the plaintiffs reside in Illinois, only the defendant is headquartered in Illinois, and nearly all of the conduct related to the claim occurred outside of Illinois).

whatsoever that it entered into any contracts (or contract renewals) in the State of Illinois, that it relied on discussions that occurred in Illinois, or that it viewed the allegedly false SRP and/or VDP data in Illinois. (*Id.*)[7] Likewise, Plaintiff failed to allege that Cars.com designed its deceptive scheme in Illinois. Even if it did, this fact standing alone, would not confer standing under ICFA. *See, e.g., Haught*, 2012 WL 3643831, *4 (citations omitted). Accordingly, Plaintiff and the putative class cannot seek relief under ICFA because the disputed deceptive act or unfair practice did not occur primarily and substantively in Illinois.

### B. Plaintiff Fails to Plead its ICFA Claims with the Particularity Required by Rule 9(b).

Counts 1 and 2 should also be dismissed because Plaintiff does not plead facts sufficient to establish the requisite elements of an ICFA claim. To maintain an ICFA claim, a plaintiff must establish that "(1) the defendant undertook a deceptive act or practice; (2) the defendant intended that the plaintiff rely on the deception; (3) the deception occurred in the course of trade and commerce; (4) actual damage to the plaintiff occurred; and (5) the damage complained of was proximately caused by the deception." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005) (citations omitted). An ICFA claim "must be pled with the same specificity as that required under common law fraud." *Id.* (citation omitted). Although reliance is not required under ICFA, a plaintiff must prove that the fraud proximately caused the injury. *Id.* Plaintiff's ICFA claims fail to meet this standard for at least three reasons.

First, Plaintiff has not plead with particularity the nature of Cars.com's deceptive act or practice. In Count 1, Plaintiff claims that Cars.com's deceptive act "was ***concealing the fact*** that [] it was providing false and/or inaccurate SRP and VDP data and other statistical information

---

[7] Although Cars.com is headquartered in Illinois, "this alone does not confer nonresident standing under ICFA[.]" *Crichton,* 576 F.3d at 396 (finding that if a defendant's place of business is located in Illinois, this is not dispositive of a nonresident claimant's standing to sue under the ICFA).

metrics and data to Plaintiff and other class members upon which they were intended to rely." (SAC ¶ 90 (emphasis added).) In Count 2, Plaintiff claims that Cars.com's unfair practice "was providing false and/or inaccurate SRP and VDP, statistical information, metrics and data, upon which Plaintiff and other class members were intended to rely." (*Id*. ¶ 102.) In order words, the heart of both of Plaintiff's ICFA claims is the allegedly false and/or inaccurate: "SRP and VDP", "other statistical information," "metrics," and "data." (*Id*. ¶¶ 90, 102.) Yet, at most, Plaintiff alleges that a "marked discrepancy" existed between SRP and VDP data that Cars.com provided to Plaintiff and the data that Cars.com provided to vAuto on or about August 29, 2017. (SAC ¶¶ 59-62.) The Complaint contains no allegations whatsoever regarding the "other statistical information," "metrics," and/or other "data," including what, when, or how they were allegedly "false and/or inaccurate." This is insufficient under Seventh Circuit case law. *See, e.g., Camasta*, 761 F.3d at 737 (to plead with particularity generally means that a plaintiff must plead "the who, what, when, where, and how of the fraud." (citation omitted)).

Furthermore, with respect to the "discrepancy" observed on a single day in the SRP and VDP data, even if Cars.com was contractually obligated to provide discrepancy-free SRP and VDP data (it was not, nor is it alleged to be) and Cars.com somehow failed to do so, it does not constitute fraudulent conduct giving rise to an ICFA claim. "A breach of a contractual promise, without more, is not actionable under [ICFA]." *Avery*, 835 N.E.2d at 844 (citations omitted). As the Illinois Supreme Court has explained:

> What plaintiff calls 'consumer fraud' or 'deception' is simply defendants' failure to fulfill their contractual obligations. Were our courts to accept plaintiff's assertion that promises that go unfulfilled are actionable under the Consumer Fraud Act, consumer plaintiffs could convert any suit for breach of contract into a consumer fraud action. However, it is settled that the Consumer Fraud Act, was not intended to apply to every contract dispute or to supplement every breach of contract claim with a redundant remedy. We believe that a 'deceptive act or practice' involves more than the mere fact that a defendant promised something and then failed to do

it. That type of 'misrepresentation' occurs every time a defendant breaches a contract.

*Id*. (citations omitted); *see also Astor Prof'l Search, LLC v. Megapath Corp.,* 12-cv-02313, 2013 WL 1283810, *-4 (N.D. Ill. Mar. 27, 2013) (dismissing ICFA claim because a "review of the complaint demonstrates that the breach of contract claim and the ICFA claim are based on largely the same factual allegations. . . . [t]hus [the ICFA claims] appears to be merely a breach of contract claim clothed as a violation of [ICFA].") (citations and internal quotation omitted). Moreover, Plaintiff nowhere alleges (let alone with specificity) how the data provided to Plaintiff – as opposed to the data provided to vAuto, where the discrepancy was identified – was "false and/or inaccurate."

Second, Plaintiff has not plead with specificity or particularity Cars.com's intent that Plaintiff rely on any purported deceptive act or unfair practice. To the exact contrary, Plaintiff alleges that on or around September 2017, Cars.com "published an electronic notice through its computerized services stating that the SRP and VDP data previously supplied by Cars.com had been affected by 'BOT traffic.'" (SAC ¶ 26.) This notice, attached to the Complaint as Exhibit A, provided the following:

> BOT traffic was spotted that increased August impression numbers on the dealer presence report. Due to this, dealers will most likely see a drop off in impressions from August to September. The BOT filtering that was put in place earlier this year caught the worst offenders. September and October reporting should be consistent until additional filters are put in place.

(*Id*., Exhibit A.) Plaintiff claims, upon information that belief, that Cars.com "displayed the notice warning, not because of BOT traffic, but to warn its customers of the possible dissemination of inaccurate data in August 2017." (SAC ¶¶30-32.) Setting aside the absurd nature of this allegation, regardless of what caused the alleged data discrepancy, Plaintiff nowhere explains how its allegations – which on their face demonstrate that Cars.com did ***not*** want Plaintiff to rely on the

10

reported August and September 2017 SRP and VDP metrics – constitute "deception," "concealment," or an "unfair practice" under ICFA. To the contrary, these allegations are at odds with the notion that Cars.com intentionally deceived Plaintiff and/or intended for Plaintiff to rely upon any such alleged "deception." *See generally Davis*, 396 F.3d at 884 (finding that an act will not be said to be deceptive when a plaintiff is explicitly alerted to the complained of result).

Third, Plaintiff fails to allege with particularity how the alleged data discrepancy caused Plaintiff to "continuously renew Cars.com's services, make numerous pricing errors, delay[] or prevent[] the sale of certain inventory and increase[] floor plan expenses" and "suffer actual damages as a result o[f] Cars.com's acts and/or omissions." (SAC ¶¶ 91, 94-95, 103-104; *see Siegel v. Shell Oil Co*., 612 F.3d 932, 935 (7th Cir. 2010) (finding that "to prevail under ICFA, a plaintiff must demonstrate that the defendant's conduct is the proximate cause of the injury" and a private cause of action under ICFA "requires proof of actual damage and proof that the damage occurred as a result of the deceptive act or practice") (internal quotations and citations omitted).) To the extent that this Court (and Cars.com) is supposed to somehow infer from Plaintiff's allegation that Plaintiff failed to alter its prices on vehicles due to information about online traffic, Plaintiff has not (and cannot) tie such a broad allegation to SRP and VDP data containing an alleged unidentified "discrepancy." Indeed, quite a bit of information goes into vehicle pricing, including direct leads, leads from other third party providers, and other third party tools that provide dealers with visibility into pricing across a particular market. Accordingly, because Plaintiff does not plead any facts with particularity to establish the most basic elements of an ICFA claim, Counts 1 and 2 fail as a matter of law and should be dismissed with prejudice.

## II. PLAINTIFF'S BREACH OF CONTRACT CLAIM (COUNT 4) SHOULD BE DISMISSED BECAUSE THE PARTIES' CONTRACTS SPECIFICALLY DISCLAIM LIABILITY FOR THE ALLEGATIONS AT ISSUE.

Carefully downplayed in the Complaint are references to, let alone specific descriptions or quotes of, any actual terms of the advertising contracts that formed the basis of the relationship between Plaintiff and Cars.com. In fact, Plaintiff does not and cannot plead any specific contract provisions governing SRP or VDP data. The contracts also specifically disclaim the liability sought by Plaintiff in this case. The one contract that Plaintiff does reference, executed on or about May 30, 2012 (SAC ¶¶ 47, 48, and 52), provides the following:

> EXCEPT AS EXPRESSLY PROVIDED ABOVE, NEITHER PARTY MAKES ANY WARRANTIES OF ANY KIND, WHETHER EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR NONINFRINGEMENT. **CARS.COM** DOES NOT REPRESENT OR WARRANT THAT PRODUCTS OR LISTINGS WILL BE FREE OF ERRORS AND **SHALL NOT BE LIABLE TO CUSTOMER FOR ANY TECHNICAL MALFUNCTION, COMPUTER OR DATA ERROR**, SECURITY BREACH, LOSS OF DATA, **OR OTHER SIMILAR INJURY**, DAMAGE OR DISRUPTION. **IN NO EVENT SHALL CARS.COM OR ITS VENDORS BE LIABLE FOR ANY INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL, EXEMPLARY OR PUNITIVE DAMAGES ARISING OUT OF OR RELATED TO THIS AGREEMENT, INCLUDING LOST PROFITS, EVEN IF SUCH DAMAGES ARE FORESEEABLE**…. CARS.COM MAKES NO GUARANTEES WITH RESPECT TO THE SECURITY OR THE EFFECTIVENESS OF THE PRODUCTS.

*See* Exhibit 1, at ¶ 9 (capitalization in original) (bold emphasis added). Plaintiff's claims that "Cars.com breached its contracts with Plaintiff and the other class members by providing inaccurate SRP / VDP, statistical information, metrics and data" (SAC ¶ 124) and/or that Cars.com breached the covenant of good faith and fair dealing by modifying its website to restrict access to previously accessible information (*id.* ¶ 125) are plainly barred by Cars.com's express disclaimer of liability for any, *inter alia*, "technical malfunction, computer or data error . . . or other similar injury." For this reason alone, Plaintiff's breach of contract claim must fail.

In addition, Plaintiff's breach of contract claim fails for the separate and independent reason that Plaintiff has failed to plausibly assert that Cars.com's alleged breach caused Plaintiff damages. Instead, the SAC makes the conclusory statement that Plaintiff "sustained damages resulting from Cars.com's contract breaches." (SAC ¶ 127.) Standing alone, this conclusory statement is not sufficient to plead the causation and damages elements of a breach of contract claim. *See Ashcroft*, 556 U.S. at 678 ("Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim) (internal quotations and citations omitted).[8] Accordingly, Count 4 of the Complaint should be dismissed.

## III. PLAINTIFF'S REMAINING CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

### A. Plaintiff Does Not Adequately Plead Negligent Misrepresentation.

Count 3 of the Complaint, which alleges negligent misrepresentation based on Cars.com's "false statements of material fact concerning the accuracy of the SRP and VDP [data]," fails to state a claim and should be dismissed. (SAC ¶¶ 109-119.) To state a cause of action for negligent misrepresentation, Plaintiff must plead: (1) a false statement of material fact, (2) carelessness or negligence in ascertaining the truth of the statement by defendant, (3) an intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statements, (5) damage to the other party resulting from such reliance, and (6) a duty owed by defendant to plaintiff to communicate accurate information. *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 843 N.E.2d 327, 332 (Ill. 2006) (citations omitted).

Similar to the deficiencies in Plaintiff's claims for violation of ICFA, Plaintiff's negligent misrepresentation claim suffers from the same deficiencies with respect to failing to identify what

---

[8] To the extent Plaintiff relies on its "pricing errors" as its claimed damages, Cars.com incorporates its arguments in Section I.B.

material statement was false, when it was false, that Cars.com's false statement(s) were made with the intention to induce Plaintiff to act, or that Plaintiff's alleged damages resulted from the allegedly false statement of material fact.

Plaintiff's claim for negligent misrepresentation suffers from another fatal flaw. It has not identified that Cars.com owed plaintiff a duty to communicate accurate information. Applying the Illinois Supreme Court's holding in *Moorman Mfg. Co. v. Nat'l Tank Co.*, Plaintiff's negligent misrepresentation claim is barred because Plaintiff is seeking economic damages, and Plaintiff does not allege that Cars.com supplies information for the guidance of others in their business transactions (nor could it, as Cars.com provides advertising services and is not in the business of supplying information for the guidance of others in their business transactions). (SAC ¶¶ 1, 98, 107); 435 N.E.2d, 443, 450 (Ill. 1982) (prohibiting a plaintiff from recovering under a negligence theory for purely economic damages); *see also First Midwest Bank, N.A.*, 843 N.E.2d at 332-34 (finding that when purely economic damages are sought, the Illinois Supreme Court imposes a duty on parties to avoid negligently conveying false information only if the party is in the "business of supplying information" for the guidance of others in their business transactions.) For these reasons, Plaintiff's negligent misrepresentation claim should also be dismissed.

### B.    Plaintiff Fails To Adequately Plead Unjust Enrichment (Count 5).

Plaintiff's unjust enrichment claim is nothing more than a formulaic recitation of the elements of the claim and should be dismissed as well. To state a claim for unjust enrichment under Illinois law, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011) (citation omitted). In conclusory fashion, Plaintiff broadly asserts that Cars.com's retention of fees from "the reporting of inaccurate SRP and VDP, statistical

information, metrics and data are a benefit unjustly retained by Cars.com to the Plaintiff's detriment." (SAC ¶ 130.) This is exactly the type of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [that] do not suffice." *Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 997 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Furthermore, Plaintiff's unjust enrichment claims is deficient for the separate and independent reason that it is based on the same conduct underlying its breach of contract claim, which mandates dismissal. *See* SAC ¶ 128 ("Plaintiff restates and realleges all the foregoing paragraphs as if fully rewritten at length herein."); *see also Gulati v. Allied First Bancorp, Inc*., No. 17 C 7233, 2018 WL 925118, *5 (N.D. Ill. Feb. 16, 2018) (J. Kendall) (dismissing unjust enrichment claim plead in the alternative with prejudice because the parties did not dispute the existence of a valid contract); *see also Bagg v. HighBeam Research, Inc.,* No. 12 C 9756, 2013 WL 3466846, *6 (N.D. Ill. July 10, 2013) ("[a] claim for unjust enrichment allows courts to imply the existence of a contract where none exists . . . [w]hen a claim falls within an express contract, the remedy of unjust enrichment is unavailable.") (citation omitted).

Finally, because Plaintiff's other claims are deficient, Plaintiff's unjust enrichment claim also fails. *Cleary,* 656 F.3d at 511 (recognizing that "if an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim."). Accordingly, Count 5 should also be dismissed.

## **CONCLUSION**

WHEREFORE, Cars.com respectfully requests that the Court enter an order dismissing each count of Plaintiff's SAC with prejudice.

Dated:  October 22, 2018                              Respectfully submitted,

                                                                CARS.COM, LLC

                                                  By: /s/ Elizabeth B. Herrington
                                                            Elizabeth B. Herrington
                                                            Megan R. Braden
                                                            Morgan, Lewis & Bockius LLP
                                                            77 West Wacker Dr.
                                                            Chicago, IL 60601-5094
                                                            Tel. 312.324.1445
                                                            Fax 312.324.1001
                                                            Beth.Herrington@morganlewis.com
                                                            Megan.Braden@morganlewis.com

                                                            *Attorneys for Defendant Cars.com, LLC*

16

<u>**CERTIFICATE OF SERVICE**</u>

I, Elizabeth B. Herrington, an attorney, hereby certify that on this 22nd day of October, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification to the Court and to attorneys of record.

/s/ Elizabeth B. Herrington
Elizabeth B. Herrington